# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| KENNETH SMITH, JR., | : | |
| Plaintiff, | : | |
| | : | NO. 5:09-CV-403 (MTT) |
| VS. | : | |
| | : | |
| TOMEKA WRIGHT, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the court is a Motion for Summary Judgment filed by Defendant Certified Nursing Assistant Tomeka Wright. Doc. 20. For the reasons set forth below, it is hereby **RECOMMENDED** that the motion be **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

At all times relevant to the instant action, Plaintiff Kenneth Smith, Jr., a paraplegic, was incarcerated at Men's State Prison (MSP).[1] In addition to paraplegia, Plaintiff Smith has been diagnosed with neurogenic bladder, catheter-associated bacteriuria, partial neurogenic bowel, and spasms in the legs and bladder. As a result of these conditions, the Plaintiff voids intermittently. To assist the Plaintiff in the routine and convenient elimination of bodily waste, he is provided with catheters and other related medical supplies.[2] According to the Plaintiff, however, on July 31, 2009, Defendant Wright improperly refused to issue him a provision of these medical supplies. As a result, the Plaintiff states that he was forced to sleep with a urinal and to awake in a pool of urine each night until August 4, 2009, when his supplies were finally replenished. In his Complaint, filed

---

[1] MSP is a twenty-four hour medical facility operated by the Georgia Department of Corrections.

[2] In accordance with MSP protocols, once ordered by a physician, medical supplies such as catheters are periodically issued directly to inmates for self administration. Because of cell space restrictions and concerns about contraband, the quantity of medical supplies issued to an inmate is not to exceed a two(2) week provision.

on November 16, 2009, Plaintiff alleges that he suffered a violation of his Eighth Amendment rights as a result of Defendant Wright's conduct on July 31, 2009.

## DISCUSSION

To establish a violation of the Eighth Amendment related to medical treatment, a prisoner must show that a defendant official was deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97,103-04 (1976). Moreover, and as is alleged in this case, delays in access to medical attention and treatment can also violate the Eighth Amendment, Estelle, 429 U.S. at 104-05, though only when such delays are "tantamount to 'unnecessary and wanton infliction of pain,'" Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir.) (per curiam) (quoting Estelle, 429 U.S. at 104), cert. denied, 496 U.S. 928 (1990).

As indicated above, the only conduct attributed to Defendant Wright in the instant Complaint was her alleged refusal to issue the Plaintiff a two-week provision of medical supplies on July 31, 2009, resulting in a four-day delay before the receipt of those supplies.[3] According to the Plaintiff, this delay left him with no choice but to sleep with a urinal.[4] Consequently, and despite his attempts to contain his urine in this manner, the Plaintiff claims that he awoke each night in a pool of urine. Notably, however, the Plaintiff did not claim, nor does the evidence in this case indicate, that the aforementioned circumstances exacerbated any of his present medical conditions, caused any additional medical problems, resulted in pain, or were otherwise detrimental to his overall medical condition. As such, the evidence in this case is not sufficient to support a finding that the Plaintiff's

---

[3] Though not relevant to the instant analysis due to the fact that the Plaintiff contests its validity, Defendant Wright has submitted a completed medical supply form dated July 31, 2009 indicating that, on that date, the Plaintiff was, in fact, issued fifty-two (52) in-and-out urethral catheters, eight (8) condom catheters, twenty-two (22) units of KY Jelly, five (5) soil bags, and twenty-eight (28) gloves. At the bottom of this form, beneath the printed statement "I acknowledge receipt of the above checked item(s)," are the signatures of both Plaintiff Smith and Defendant Wright.

[4] Based on the contents of affidavits submitted by Defendant Wright, it appears that: 1)MSP has a minimum of two nurses on duty at all times to attend to inmate medical needs and requests; 2) the facility maintains a large inventory of medical supplies including catheters; 3) every encounter between an inmate and member of the medical staff is documented in the inmate's medical file; and, 4) the Plaintiff's medical file does not indicate that he requested medical supplies or other related treatment during the time he was allegedly forced to use a urinal while in bed.

alleged four-day delay in receiving medical supplies was "tantamount to 'unnecessary and wanton infliction of pain'" or that his Eighth Amendment rights were otherwise violated.  Accordingly, and because it appears that she is entitled to judgment as a matter of law, it is **RECOMMENDED** that the Defendant's Motion for Summary Judgment be **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 20th day of January, 2010.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge